Dear Mayor Theriot:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
Specifically, you ask the following questions:
 1) Whether an elected Chief of Police who met the six-month residency requirement and has served two years of his term can move out of the city and out of the parish?
 2) Whether the Chief of Police can use a city police vehicle to commute to and from his home outside of the parish?
With regard to your first question, La. R.S.33:385.1 governs the qualifications for an elected chief of police in a Lawrason Act municipality. This statute is as follows:
 § 385.1 Qualifications of elected chief of police
 A. Except as otherwise provided in this Section, an elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville. *Page 2 
 B. The elected chief of police of a village shall be an elector of the village who at the time of qualification as a candidate for the office of chief of police shall have been domiciled for at least the immediately preceding six months in the village.
It appears that if the Chief of Police was not domiciled in Gueydan for at least a year prior to qualification, he did not meet the qualifications to run for chief of police. However, the time for objecting to his candidacy expired seven days after the close of the qualifying period [La. R.S. 18:1405(A)].
If the Chief of Police has moved out of Gueydan, he is no longer an elector of that municipality and is no longer qualified to hold the office of Chief of Police. According to La. R.S.18:581(1), a vacancy occurs in an elective office when the person elected to or holding the office no longer meets the residence or domicile requirements of that office.
This statute is as follows:
§ 581. Definitions
As used in this Title:
 (1) A "vacancy" occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding. (Emphasis added).
A vacancy does not occur automatically, but must be declared by the Gueydan board of aldermen. If a vacancy is declared, within ten days the board of aldermen shall appoint a person to fill the vacancy who meets the qualifications of the office. If the vacancy is not filled within the ten days, the governor shall fill the vacancy. When the unexpired term is one year or less the person appointed to fill the vacancy serves the remainder of the unexpired term. For an unexpired term that exceeds one year, a special election is held. (See La. R.S. 18:602). *Page 3 
Your second question asks if the Chief of Police can drive a city police vehicle to and from his home in another parish. A survey to locate a state statute dealing with this issue found nothing. It appears that regulating where a city police vehicle can travel has been left to the local municipalities. It is suggested that you consult your city attorney to determine if your city has an ordinance regulating this travel.
I trust your questions have been answered. However, if you should need anything further from this office, do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ___________________________
 FRANCES J. PITMAN
 ASSISTANT ATTORNEY GENERAL